IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JIMMY MARK APPLEMAN | § | |
| v. | § | CIVIL ACTION NO. 9:05cv124 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Petitioner Jimmy Appleman, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding pursuant to 28 U.S.C. §636(c).

In his petition, Appleman says that he is challenging the revocation of his parole on April 10, 2002. He says that: he is being denied access to the state courts because he has been cited for abuse of the writ, and that he was denied access to the state courts even though he is not challenging his conviction; at his parole revocation hearing, he was not provided with notice of the specific date of the hearing, he was not allowed to present evidence, he was denied "paperwork" by the parole officer, an attorney was forced upon him, and the revocation was based on a deferred adjudication, apparently in cause no. 22,471; that four years were added to his sentence by TDCJ, this being the time that he spent on parole which was subsequently revoked; and his sentence is being executed in an unlawful manner, in that he is a "ward of the state" but he is not receiving proper medical care.

The Respondent has been ordered to answer the petition and has done so. In this answer, the Respondent says that Appleman's claims are barred by limitations, that some of these claims are not cognizable in state habeas corpus or are without merit, and that his petition is not exhausted because he currently has a habeas corpus petition pending before the Texas Court of Criminal Appeals. The

Respondent attaches, as an exhibit, copies of an order from the state district court in Nacogdoches denying his habeas corpus petition. This order refers to claims for sufficient notice for the parole hearing, denial of the right to present evidence, the addition of time to his sentence, and the transformation of his sentence into a death sentence through the fact that he contracted hepatitis, which are the same claims raised in the current federal petition. The order from the state district court is dated October 20, 2005.

The on-line records of the Texas Court of Criminal Appeals show that a habeas petition, with the same cause number that appears in the order from the trial court, was received from the trial court in Nacogdoches on November 16, 2005, and was submitted to the Court of Criminal Appeals on December 2, 2005, where it remains pending. *See* http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=239165.

Appleman filed a response to the answer, saying that he has never been notified of any action on his state writ, that he has never been notified that the abuse of the writ order has been lifted, that he has been diagnosed as mentally ill, that he was the victim of a "retaliatory transfer," that the Respondent falsely said that he was charged with aggravated sexual assault, and that the Respondent is attempting to "make a farce and mockery of justice" by misleading the Court.

<u>Legal Standards and Analysis</u>

Appleman complains first about the facts surrounding the revocation of his parole. He relies on a decision of the Texas Court of Criminal Appeals altering rules regarding the notice to be given regarding the revocation hearings; while Appleman says that he does not know the name of the case, he gives enough information that the case can be identified as <u>Ex Parte Ratzlaff</u>, 135 S.W.3d 45 (Tex.Crim.App. 2004).

The Respondent says that Appleman has a habeas corpus petition on this point currently pending before the Texas Court of Criminal Appeals, which that Court's on-line records confirm. Consequently, it is apparent that Appleman has failed to exhaust his state remedies on this point.

A state prisoner must exhaust all available state court remedies before he can obtain federal habeas corpus relief unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights.  28 U.S.C. 2254(b) & (c); *see* <u>Satterwhite v. Lynaugh</u>, 886 F.2d 90, 92 (5th Cir. 1989).  In order to exhaust, a petitioner must "fairly present" all of his claims to the state court.  <u>Picard v. Connor</u>, 404 U.S. 270 (1981).

Further, it is necessary for the claim presented to the federal court to have first been presented to and ruled on by the *highest* state court, which in Texas is the Court of Criminal Appeals.  <u>Richardson v. Procunier</u>, 762 F.2d 429 (5th Cir. 1985).  The Supreme Court has held that when a petitioner fails to exhaust his state court remedies fully, the petition must be dismissed.  *See* <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); *accord* <u>Thomas v. Collins</u>, 919 F.2d 333 (5th Cir. 1990), *reh. den.*

In this case, Appleman has failed to exhaust his state remedies on his claims concerning the conduct of his revocation hearing, because he has a habeas corpus petition raising this issue currently pending before the Court of Criminal Appeals.  As a result, his claims on this point may be dismissed without prejudice for failure to exhaust state remedies.

While Appleman's other claims are also unexhausted, these lack merit on their face and may therefore be dismissed despite their unexhausted status.  *See* 28 U.S.C. §2254(b)(2) (unexhausted applications may be dismissed on the merits regardless of exhaustion).  Appleman claims that he is being denied access to the state courts because he has been cited for writ abuse, which he implies has been applied even when he is not challenging his conviction.  As a general rule, errors in state collateral proceedings are not cognizable on federal habeas corpus review.  <u>Rudd v. Johnson</u>, 256 F.3d 317, 320 (5th Cir. 2001).  To the extent that Appleman complains of errors in the state habeas corpus proceedings, in that he has been improperly cited for writ abuse and the Court of Criminal Appeals will not hear his writ petitions even when he is not challenging his conviction, this claim does not set out a cognizable ground for federal habeas corpus relief.  If the Court of Criminal Appeals improperly denies a state habeas petition or erroneously cites him for abuse of the writ, Appleman's recourse is through direct appeal to the U.S. Supreme Court, rather than through federal

habeas corpus procedures. *Cf.* Hale v. Harney, 786 F.2d 688, 690-91 (5th Cir. 1986).[1] Because these claims are not cognizable in federal habeas corpus review, they are without merit and must be dismissed.

Next, Appleman says that four years were added to his sentence, representing the time that he spent on parole before it was revoked. Texas law has long provided that the time spent on parole or mandatory supervision which is subsequently revoked is not counted toward the sentence. Betts v. Beto, 424 F.2d 1299, 1300 (5th Cir. 1970); Starnes v. Connett, 464 F.2d 524 (5th Cir. 1972). The Fifth Circuit has upheld this very provision in Texas law. Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996). The length of Appleman's sentence was not increased; rather, the sentence was computed without credit for the time that he spent on parole which was subsequently revoked. Appleman has failed to show any error in the computing of his sentence in accordance with Texas law, as upheld by the Fifth Circuit. His claim on this point is without merit.

Finally, Appleman complains of the conditions of his confinement, including the medical care which he has received. This is not a proper subject for habeas corpus relief. The Fifth Circuit has held that the purpose of habeas corpus is to grant relief from unlawful imprisonment or custody, and it cannot be used for any other purpose. Pierre v. U.S., 525 F.2d 933 (5th Cir. 1976). Specifically, the Court stated that habeas corpus, although correctly alluded to as the Great Writ, cannot be utilized as a springboard to adjudicate matters foreign to the question of the legality of custody. Pierre, 525 F.2d at 936; *see also* Cook v. Hanberry, 596 F.2d 658, 660 n.1 (5th Cir. 1979).

The medical care which Appleman has received, including the treatment he has received or not received for hepatitis, is a matter which is foreign to the question of the legality of his custody. As a result, it cannot be raised or adjudicated in a habeas corpus petition. This claim is without merit.

---

[1] The question of whether the claims in a petition which was allegedly improperly dismissed by the Court of Criminal Appeals have been exhausted, or can be deemed exhausted, for purposes of federal habeas proceedings is not before the Court at this time.

Conclusion

The Court has carefully examined the grounds for habeas corpus relief presented by the Petitioner Jimmy Appleman, as well as the answer filed by the Respondent, the Petitioner's response thereto, the state records, and all of the pleadings, documents, and records in the case. Upon such examination, the Court has concluded that the petitioner Jimmy Appleman has failed to show that he is entitled to the issuance of a writ of habeas corpus or to the relief sought in his application for such writ. Absent a showing that the petitioner is in custody in violation of the Constitution, laws, or treaties of the United States, the relief sought cannot be granted. 28 U.S.C. §2241(c)(3). It is accordingly

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice as to Appleman's claims concerning the procedures used in the revocation of parole and claims revolving around the parole hearing itself, and DISMISSED with prejudice as to all other claims, including Appleman's claims concerning the actions taken by the state courts with regard to his state habeas corpus proceedings, the claim that four years was added to his sentence after the revocation of his parole, and the claims concerning the conditions of confinement, including but not limited to Appleman's claims that he contracted hepatitis while in custody and the medical treatment which he has received or not received while in custody. It is further

ORDERED that any and all motions which may be pending in this habeas corpus proceeding are hereby DENIED.

So **ORDERED** and **SIGNED** this **16** day of **December, 2005.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE